UNITED STATES of America, Appellee,

v.

Herminio CRUZ, Defendant, Appellant.

No. 78–1008.

United States Court of Appeals,
First Circuit.

Argued Jan. 6, 1978.

Decided Jan. 6, 1978.

David P. Twomey, Asst. U. S. Atty., Boston, Mass., on appellee's motion for summary affirmance, with whom Edward F. Harrington, U. S. Atty., and Walter B. Prince, Asst. U. S. Atty., Boston, Mass., were on memorandum in support thereof.

Allan A. Ackerman, Chicago, Ill., for defendant, appellant in opposition thereto.

Before COFFIN, Chief Judge, and CAMPBELL and BOWNES, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

The district court denied Herminio Cruz's pretrial motion to dismiss on double jeopardy grounds an indictment pending against him and others for conspiracy to distribute heroin under 21 U.S.C. § 846, and Cruz now brings this interlocutory appeal under authority of *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). The district court's ruling and Cruz's appeal were both entered on January 5, 1978, and on the same day, after our regular sitting, this court heard the Assistant United States Attorney and Mr. Cruz's counsel argue the former's motion for an expedited appeal. We were told that Cruz was scheduled to go to trial on January 9, 1978. Asserting that Cruz's double jeopardy claim was frivolous, the Government urged us to affirm summarily the district court's denial of the motion under our Local Rule 12.[1] Alternatively, should we feel unable to decide the appeal summarily, the Government asked us to stay the impending trial. Cruz, while willing to expedite the appeal beyond the normal course, argued that his claim was substantial, and urged that we both stay the trial and allow him several weeks with-

---

1. Local Rule 12.

"SUMMARY DISPOSITION

"At any time, on such notice as the court may order, on motion of appellee or sua sponte, the court may dismiss the appeal or other request for relief or affirm and enforce the judgment or order below if the court lacks jurisdiction, or if it shall clearly appear that no substantial question is presented. In case of obvious manifest error the court may, similarly, reverse. Motions for such relief should be

promptly filed when the occasion appears, and must be accompanied by four copies of a memorandum or brief.

"If the court concludes, after adequate opportunity for briefing, that even though there may be a substantial question, oral argument would not assist it, the Clerk will so advise counsel. No such conclusion will be reached unless the three judges, who will have examined the briefs, are unanimous in so concluding."

in which to brief and argue his appeal more fully.

After the argument on January 5, and after receiving among other papers, Cruz's motion to dismiss, which incorporates substantial supporting memoranda, and the Government's memorandum of law, we decided to afford the parties an opportunity to present further argument, this time addressing directly the Government's motion for summary affirmance. It was our view that if the Government could sustain its position that the double-jeopardy claim was without substance, the public interest dictated that the interlocutory appeal be terminated without delay so that the trial could proceed.[2] On the other hand, were we to determine, as a threshold matter, that the appeal was substantial, we believed that we should then provide for a more extended briefing schedule prior to a final hearing, recognizing that this would force the Government either to sever Cruz as a defendant if it wished to proceed immediately, or else delay the trial for some period of time. Argument was accordingly heard on January 6 on the issue of the substantiality of Cruz's double jeopardy claim.

Cruz's claim is predicated on the fact of his having been indicted and, on December 30, 1977, convicted, in another district, of possession of heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1) on the basis of the same conduct underlying the pending indictment. He contends that subjecting him to another trial for conspiracy to distribute heroin, where his participation in the conspiracy involved only the conduct for which he was convicted under § 841, violated the fifth amendment's prohibition against double jeopardy. He argues both that the possession charge must be regarded as a lesser included offense of the conspiracy, conviction for which bars subsequent prosecution for the greater offense, and that under the circumstances of this case the two offenses are too closely related

to permit successive trials, especially where the defendant himself did not force the Government to bring separate proceedings.

The Government responds to both arguments by referring to numerous cases holding that separate prosecutions for a conspiracy and an underlying offense do not violate double jeopardy. See *Iannelli v. United States*, 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975); *Pereira v. United States*, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435 (1954); *Bayer v. United States*, 331 U.S. 532, 67 S.Ct. 1394, 91 L.Ed. 1654 (1947); *Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946); *United States v. Sarno*, 456 F.2d 875 (1st Cir. 1972). The Government further points out that in *Bayer* the Court upheld successive trials, first on the substantive offense and subsequently on the conspiracy charge. In the light of this strong precedent, the Government contends that Cruz's double jeopardy claim is frivolous.

The law seems well settled that a charge of possession of heroin with intent to distribute cannot be regarded as a lesser included offense of a conspiracy to distribute heroin. As appellant conceded at argument on this motion, at least in this circuit proof of any overt acts is unnecessary to make out a violation of the conspiracy statute in question, 21 U.S.C. § 846. *United States v. DeJesus*, 520 F.2d 298, 301 (1st Cir. 1975), *cert. denied*, 423 U.S. 865, 96 S.Ct. 126, 46 L.Ed.2d 94 (1976). The essence of the crime is the conspirators' agreement to act in concert to distribute narcotics. *Id.; see United States v. Dreyer*, 533 F.2d 112, 117 n. 6 (3d Cir. 1976); *United States v. Cortwright*, 528 F.2d 168, 172 n. 1 (7th Cir. 1975); *United States v. Bermudez*, 526 F.2d 89, 94 (2d Cir. 1975), *cert. denied*, 425 U.S. 970, 96 S.Ct. 2166, 48 L.Ed.2d 793 (1976). The underlying offense that may evince a conspirator's participation in the agreement does not constitute an element of the crime of conspiracy. An agreement is necessary

---

2. "It is well within the supervisory powers of the courts of appeals to establish summary procedures and calendars to weed out frivolous claims of former jeopardy." *Abney v. United States*, 431 U.S. 651, 662, n. 8, 97 S.Ct. 2034, 2042, 52 L.Ed.2d 651 (1977).

to make out a conspiracy, but not possession, while proof of possession is unnecessary to make out a conspiracy. As between § 841 and § 846, then, it must be said that "each [provision] requires proof of a fact which the other does not." *Brown v. Ohio*, 432 U.S. 161, 168, 97 S.Ct. 2221, 2226, 53 L.Ed.2d 187 (1977), quoting *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

Nor does *Jeffers v. United States*, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977), indicate to the contrary, in spite of appellant's assertions. *Jeffers* suggests that § 846 may be regarded as a lesser included offense of 21 U.S.C. § 848's prohibition of a continuing criminal enterprise to distribute narcotics. The basis of that ruling, however, was that both offenses have as necessary elements concerted action on the part of the participants. Nothing in that opinion suggests that because the elements of § 846 might be embraced by another concerted action offense, § 846 includes the elements of the underlying offense that is the object of the conspiracy.

Cruz also argues that even if § 841 may not be regarded as a lesser included offense of § 846 so as to be a bar to imposition of multiple punishments for the two offenses, separate successive trials on these two charges violates double jeopardy. He relies heavily on the following remarks in *Brown* :

"The *Blockburger* test is not the only standard for determining whether successive prosecutions impermissibly involve the same offense. Even if two offenses are sufficiently different to permit the imposition of consecutive sentences, successive prosecutions will be barred in some circumstances where the second prosecution requires the relitigation of factual issues already resolved by the first. Thus in *Ashe v. Swenson*, 397 U.S. 436, [90 S.Ct. 1189, 25 L.Ed.2d 469] (1970), where an acquittal on a charge of robbing one of several participants in a poker game established that the accused was not present at the robbery, the Court held that principles of collateral estoppel em-

bodied in the Double Jeopardy Clause barred prosecutions of the accused for robbing the other victims. And in *In re Nielsen*, 131 U.S. 176, [9 S.Ct. 672, 33 L.Ed. 118] (1889), the Court held that a conviction of a Mormon on a charge of cohabiting with his two wives over a two-and-one-half year period barred a subsequent prosecution for adultery with one of them on the day following the end of that period.

"In both cases, strict application of the *Blockburger* test would have permitted imposition of consecutive sentences had the charges been consolidated in a single proceeding. In *Ashe*, separate convictions of the robbery of each victim would have required proof in each case that a different individual had been robbed. *See Ebeling v. Morgan*, 237 U.S. 625, [35 S.Ct. 710, 59 L.Ed. 1151] (1915). In *Nielsen*, conviction for adultery required proof that the defendant had sexual intercourse with one woman while married to another; conviction for cohabitation required proof that the defendant lived with more than one woman at the same time. Nonetheless, the Court in both cases held the separate offenses to be the 'same' for purposes of protecting the accused from having to ' "run the gantlet" a second time.' *Ashe, supra*, [397 U.S.] at 446, [90 S.Ct. 1189,] quoting from *Green v. United States*, 355 U.S. 184, 190, [78 S.Ct. 221, 2 L.Ed.2d 199] (1957)."

432 U.S. at 166 n. 6, 97 S.Ct. at 2226 n. 6. Although one wishing to ride this language for all it is worth might go so far as to regard it as reaching the case at bar, we do not think these remarks can be read as a *sub silentio* overruling of *Bayer v. United States, supra*. There the Supreme Court had no difficulty affirming the petitioner's conspiracy conviction, obtained after his conviction in a separate proceeding of the underlying offense, in the face of a double jeopardy challenge. The Court held that,

"[T]he same overt acts charged in a conspiracy count may also be charged and proved as substantive offenses, for the

agreement to do the act is distinct from the act itself."

331 U.S. at 542, 67 S.Ct. at 1399. Nor can this case be distinguished, as appellant would wish, on the ground that the prior conviction in *Bayer* was obtained in a court martial proceeding. That fact played no part in the reasoning of the Court. For the above reasons, we do not believe prosecution of Cruz on a charge of conspiring to distribute heroin after his conviction of possession of heroin with intent to distribute violates double jeopardy.

We add that we can see little prospect that more extended briefing or argument would be helpful. The issues have been competently presented; we have had the benefit of two separate oral arguments; and the controlling case law seems clear. Without encroaching impermissibly upon settled doctrine, we could not rule in appellant's favor.

*Affirmed.*