UNITED STATES of America, Plaintiff-Appellee,

v.

Thomas A. LARKIN, Defendant-Appellant.

No. 78–2124.

United States Court of Appeals, Fifth Circuit.

Feb. 8, 1980.

**586**

James M. Russ, I. Paul Mandelkern, Orlando, Fla., for defendant-appellant.

David B. Smith, Appellate Sec., Crim. Div., U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellee.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

(Opinion November 5, 1979, 5 Cir., 1979, 605 F.2d 1360).

Before THORNBERRY, GOLDBERG and GEE, Circuit Judges.

GOLDBERG, Circuit Judge.

The appellant's petition for rehearing is denied. The appellee's petition for rehearing is granted.

In our initial opinion, reported at 605 F.2d 1360, we held that Larkin could not be retried under count one for conspiring to embezzle union funds and falsify union records because his acquittal under counts two through seven precluded such a retrial. Rather belatedly, the Government has deigned to inform the court that Larkin's potential criminal liability for conspiring to embezzle union funds and falsify union records rests not only on the acts that form the premise of counts two through seven, but also on the acts that constitute the basis for counts eight through ten. After again carefully reviewing the massive record of this case, we conclude that the Government's argument is sound.

In counts two through seven the Government charged that Parker paid union funds to two union members, Johnson and Wright, for work not actually performed. Larkin was charged, and acquitted, of vicarious liability for the payment and hiding of these monies. In contrast, in counts eight through ten Larkin was charged with responsibility for the issuance of checks drawn against union funds for legal services not performed. Because the jury failed to reach a verdict on these counts, Larkin can be retried under them. As our initial opinion discussed, the jury's acquittal on counts two through seven precludes retrial of Larkin for conspiring to embezzle union funds and falsify union records in the manner alleged in counts two through seven. However, the jury's deadlock on counts eight through ten does not preclude retrial of Larkin for conspiring to embezzle union funds and falsify union records in the manner alleged in counts eight through ten. Accordingly, we withdraw the last two sentences of our opinion and substitute the following:

"Accordingly, Larkin may not be retried for conspiring to embezzle union funds or to falsify union records by means of the scheme which forms the basis for counts two through seven. The district court is directed to strike from the indictment that portion of count one which charges Larkin with conspiring to attain those purposes. Specifically, the district court is directed to strike overt acts 28, 29, 30, 31, and 41 from count one of the complaint. The district court is further directed to determine whether any of the other overt acts alleged in count one relate to the actions forming the basis for counts two through seven. The district court should focus particularly, but not exclusively, on overt acts 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, and 27. Any overt acts which relate to counts two through seven are also to be stricken from the complaint."

No member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules

of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is DENIED.