**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-5123

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSEPH FREEMAN,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Deborah K. Chasanow, District Judge.  (CR-03-194)

Submitted:  January 20, 2006        Decided:  February 15, 2006

Before TRAXLER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Joseph Freeman, Appellant Pro Se.  Deborah A. Johnston, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.  See Local Rule 36(c).

PER CURIAM:

Joseph Carter Freeman was convicted at trial of one count of conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base and 4 counts of possession with intent to distribute 500 grams or more of cocaine. On appeal, Freeman contends the following: (1) the sentence violates the Sixth Amendment as per the rule announced in United States v. Booker, 543 U.S. 220 (2005); (2) the court erred in permitting evidence of co-defendants' confessions and hearsay statements; (3) counsel was ineffective; (4) his protection against Double Jeopardy was violated; and (5) the evidence was insufficient. Finding no error we affirm.

Freeman was given an adjusted offense level of 40 based upon judicial fact finding with respect to drug quantity and firearm possession. He was placed in criminal history category VI because he is a career offender as defined by U.S. Sentencing Guidelines Manual § 4B1.1. Freeman's sentencing range of imprisonment was 360 months to life imprisonment. He was sentenced at the bottom of the guideline's range of imprisonment. We find any error harmless. United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003). Freeman's offense level would have been 37 had it been determined based upon his career offender status. With an offense level of 37, his guidelines range of imprisonment remained the same. Thus, the sentence would have been the same regardless of whether the court considered the drug quantity and firearm possession or not.

Freeman also challenges certain testimony as violating his right to confront witnesses against him because he claimed the testimony was either co-defendants' confessions implicating him or improper hearsay. We have reviewed the evidence Freeman challenges and find no error.

Freeman's claim that his convictions for possession with intent to distribute violate his protection against Double Jeopardy because the convictions are lesser included offenses of the conspiracy is without merit. Two crimes are to be treated as the same offense unless each crime requires proof of an additional element the other does not require. Blockburger v. United States, 284 U.S. 299, 304 (1932). The convictions for conspiracy and possession require at least one element not found in the other type of offense. Because they require different elements of proof, there is no Double Jeopardy violation. See United States v. Cruz, 568 F.2d 781 (1st Cir. 1978).

Freeman also challenges the sufficiency of the evidence, claiming there was no tangible evidence linking him to the charges and the witnesses against him were not credible. A verdict must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). Substantial evidence is defined as "that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Newsome, 322

F.3d 328, 333 (4th Cir. 2003) (quoting United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc)). In resolving issues of substantial evidence, we do not weigh evidence or reassess the factfinder's assessment of witness credibility. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989); United States v. Arrington, 719 F.2d 701, 704 (4th Cir. 1983); see also United States v. Sun, 278 F.3d 302, 313 (4th Cir. 2002).

To prove conspiracy under 21 U.S.C. § 841 (2000), the Government must prove an agreement to violate a federal drug law, the defendant's knowledge of the conspiracy, and the defendant's willing participation. United States v. Strickland, 245 F.3d 368, 384-85 (4th Cir. 2001). A defendant may be convicted of conspiracy without knowing all the conspiracy's details, as long as he joins the conspiracy understanding its unlawful nature and willfully joins in the plan on at least one occasion. United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (en banc). Once the existence of a conspiracy is established, only a slight link between a defendant and the conspiracy is needed to support a conviction. United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir. 1992). The knowledge and participation elements of conspiracy may be shown by circumstantial evidence. Strickland, 245 F.3d at 385.

Freeman's challenges to the sufficiency of the evidence are without merit. The Government did not have to support the convictions with tangible evidence, such as seized narcotics. In addition, we will not review the credibility of the witnesses.

Clearly, there was more than sufficient evidence to establish Freeman as part of a drug conspiracy dealing in cocaine and crack cocaine. Furthermore, there was sufficient evidence to establish Freeman possessed with intent to distribute at least 500 grams of cocaine on four separate occasions as a result of evidence of his trips to California.

Finally, Freeman claims his counsel was ineffective. "Ineffective assistance claims are not cognizable on direct appeal unless counsel's ineffectiveness conclusively appears on the record." United States v. James, 337 F.3d 387, 391 (4th Cir. 2003). Instead, to allow for adequate development of the record, a defendant generally must bring his ineffective assistance claims in a motion under 28 U.S.C. § 2255 (2000). United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Because it does not conclusively appear from the record that counsel was ineffective, we will not review this claim.

Accordingly, we affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED