**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

ROBERT ANDERSON,
              *Petitioner-Appellant,*

              v.

EDWARD ALAMEIDA, JR., Director,
California Department of
Corrections,
              *Respondent-Appellee.*

No. 04-15751

D.C. No.
CV 03-00383-VRW

OPINION

Appeal from the United States District Court
for the Northern District of California
Vaughn R. Walker, District Judge, Presiding

Argued and Submitted
January 12, 2005—San Francisco, California

Filed February 2, 2005

Before: John T. Noonan, Consuelo M. Callahan, Circuit
Judges, and Robert E. Jones, District Judge.*

Opinion by Judge Jones

*The Honorable Robert E. Jones, United States District Judge for the
District of Oregon, sitting by designation.

## COUNSEL

Lawrence A. Gibbs, Law Office of Lawrence A. Gibbs, Berkeley, California, for the petitioner-appellant.

Dane R. Gillette, AGCA - Office of the California Attorney General, San Francisco, California, for the respondent-appellee.

---

**OPINION**

JONES, District Judge:

Petitioner, Robert Andersen, appeared before a New Hampshire state court and waived extradition to California on an arrest warrant issued in an 8-year-old murder and robbery case. Later, as two San Francisco police inspectors drove him to Boston's Logan International Airport, he confessed to the crimes.

On appeal from the denial of his habeas corpus writ, petitioner argues that his trial attorney's failure to argue for the exclusion of his car-ride confession was a violation of his Sixth Amendment right to counsel. We have jurisdiction under 28 U.S.C. § 2253.

Our review of a district court's denial of a 28 U.S.C. § 2254 habeas petition is *de novo*. *See Gill v. Ayers*, 342 F.3d 911, 917 (9th Cir. 2003). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, governs review of a petitioner's state conviction under § 2254. Under the AEDPA, a petitioner must show that the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). For the reasons stated below, we AFFIRM.

FACTUAL BACKGROUND

In 1985, Jack Greisman died on his living room floor, stabbed in the chest many times after an apparent struggle.

His wallet, a kitchen utensil and two bent and bloody knives lay in the bathroom sink. The murder investigation trail went cold. Eight years later, a computer database comparison of fingerprints from Griesman's bathroom door, the door handle, the toilet seat area and the car window of Griesman's missing car matched to petitioner's fingerprints in the database.

With this new investigative lead, San Francisco police inspectors prepared a complaint dated December 2, 1993, to request an arrest of petitioner.[1] In the complaint, police inspector Michael Johnson declared that, based on information and belief, petitioner committed the crimes of murder and robbery with a knife and asserted probable cause for his arrest.

On December 6, 1993, San Francisco Municipal Judge Donna Little signed a felony Warrant of Arrest for petitioner based on the complaint and set bail at one million dollars.

Six days later in Gilford, New Hampshire, police observed petitioner with a rifle tied to a pack on his bicycle. A Gilford town police officer stopped and questioned petitioner. The officer initiated a NCIC (National Crime Information Center) request on petitioner's name and birth-date. The NCIC search returned an outstanding arrest warrant from San Francisco on murder and robbery charges. The officer placed petitioner in custody as a fugitive from justice in violation of New Hampshire state law.

At his arraignment, petitioner requested a court-appointed attorney to represent him "in defense of the charges against me under docket number [93-CR-6345 Fugitive from justice]." The State of New Hampshire appointed the Public

---

[1]In the bottom left corner of the complaint was the notation "mvp: FAZIO." Petitioner asserts that the notation indicates that then-Deputy District Attorney Fazio "prepared or approved" the specific complaint against petitioner on behalf of the District Attorney's office.

Defender to represent petitioner, "charged with a violation of RSA 612:13 which is a Felony 'A' (other than Homicide)" - New Hampshire's extradition statute. A hearing date on petitioner's extradition was set for January 12, 1994. Two days later, petitioner, apparently on advice of counsel, waived the formal, procedural obligations of the governors of California and New Hampshire to extradite him and consented to return to California.

On December 20, 1993, San Francisco police inspectors took petitioner into custody in New Hampshire. As petitioner headed south from central New Hampshire to Boston's Logan International Airport, he knowingly and voluntarily waived his Miranda rights and agreed to talk on tape about the details surrounding the murder and robbery of Jack Griesman in San Francisco eight years earlier. At one point petitioner asked the police inspectors to stop the tape recorder; he then confessed to the crimes. A jury convicted petitioner of second-degree murder and the court sentenced him to life in prison.

## PROCEDURAL BACKGROUND

On direct appeal of the conviction to the California Court of Appeals for the First District, counsel for petitioner challenged the admission of the car-ride confession on separate grounds of coercion through promises of leniency and a Miranda violation. Both challenges failed and the conviction was affirmed.

In his concurrent state habeas corpus writ appeal, petitioner alleged ineffective assistance of counsel based on his trial counsel's failure to challenge, on a Sixth Amendment right to counsel ground, the use at trial of his car-ride confession. An exclusionary rule exists to preclude confessions being used at trial when the confession is obtained after the right to counsel has attached. *See Massiah v. United States*, 377 U.S. 201 (1964). In *Massiah*, the Supreme Court held that the right to

counsel attached when invoked after indictment. 377 U.S. at 206.

Petitioner argued that his right to counsel attached at one of two points in time before his car-ride confession on December 20, 1993. The first instance occurred on or about December 2, 1993, when a San Francisco police inspector filed the complaint in San Francisco Municipal Court alleging crimes of murder and robbery against petitioner. Alternatively, petitioner's right to counsel attached when the San Francisco police inspectors retrieved petitioner from New Hampshire, thereby acting under state and federal extradition laws that require a state to charge a person before seeking extradition.

The California Court of Appeals denied petitioner's writ, holding that "there was no basis to suppress the confession pursuant to *Massiah*," and therefore, there was no constitutional deficiency in counsel not raising the issue. The California Supreme Court affirmed without opinion.

On habeas appeal to the Federal District Court for the Northern District of California, petitioner argued that the state court's decision was "contrary to, and an unreasonable application of the Supreme Court's Sixth Amendment jurisprudence." The District Court denied his writ and petitioner appeals to this court.

## STANDARD OF REVIEW

We review a state court's determination for unreasonableness, not error. *See Williams v. Taylor*, 529 U.S. 362, 411 (2000); *Wilson v. Czerniak*, 355 F.3d 1151, 1158 (9th Cir. 2004). Further, we defer to the state court's decision on federal issues unless, as the Supreme Court stated in *Lockyer v. Andrade*, 538 U.S. 63 (2003), the state court "applies a rule that contradicts the governing law set forth in our cases or if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless

arrives at a result different from our precedent." 538 U.S. at 73; *Himes v. Thompson*, 336 F.3d 848, 852 (9th Cir. 2003).

## ANALYSIS

[1] To establish ineffective assistance of counsel, petitioner must show, in part, that his legal representation fell "below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). "Counsel's competence, however, is presumed and the defendant must rebut this presumption by proving that his attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986) (internal citation omitted). Specifically, petitioner must show that his trial counsel unreasonably failed to investigate a Sixth Amendment *Massiah* exclusionary challenge to the use of the car-ride confession at trial. *See, e.g.*, *Turner v. Duncan*, 158 F.3d 449, 456 (9th Cir. 1998) ("A defense attorney has a general 'duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.' ") (quoting *Strickland*, 466 U.S. at 691).

The California appellate court found that "[San Francisco police] inspector Johnson's probable cause complaint did not initiate adverse criminal proceedings against defendant." The appellate court additionally found that petitioner's arrest in New Hampshire and appearance for extradition in New Hampshire state court did not attach a Sixth Amendment right to counsel. Therefore, the appellate court held that petitioner's trial counsel acted reasonably in not asserting a Sixth Amendment claim because the claim was "without merit." We find that the state appellate court reasonably concluded that trial counsel's performance in defense of petitioner was sufficient.

[2] As an initial matter, the right to counsel is case specific and attaches for the prosecution of particular alleged acts or events arising out of "the same act or transaction." *Texas v.*

*Cobb*, 532 U.S. 162, 173 (2001) (internal quotation omitted) (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). The New Hampshire state court appointed the local Public Defender to represent petitioner concerning his extradition, which he subsequently waived. Therefore, petitioner's New Hampshire appointed counsel plays no legal role to invoke or attach a Sixth Amendment right to counsel concerning California's murder and robbery charges.

**[3]** A Sixth Amendment "right to counsel attaches only at or after the time that adversary judicial proceedings have been initiated against him." *Kirby v. Illinois*, 406 U.S. 682, 688 (1972). An "adversarial judicial proceeding" is one where "the accused is confronted, just as at trial, by the procedural system, or by his expert adversary, or by both in a situation where the results of the confrontation might well settle the accused's fate and reduce the trial itself to a mere formality." *United States v. Gouveia*, 467 U.S. 180, 189 (1984) (internal quotation and citation omitted); *Beaty v. Stewart*, 303 F.3d 975, 991 (9th Cir. 2002). The right to counsel attaches in the "critical stages in the criminal justice process" when the state commits to prosecuting its case. *Maine v. Moulton*, 474 U.S. 159, 170 (1985) (internal quotation omitted).

**[4]** The state court's examination of California state law to discern factually whether a trial-like confrontation occurred was not unreasonable. *See*, *e.g.*, *Moore v. Illinois*, 434 U.S. 220, 228 (1977) (looking to state law as a factual basis for when an adversarial judicial proceeding begins). The state court found that a San Francisco police investigator filing a complaint for an arrest warrant did not commit the San Francisco District Attorney under California law to prosecuting petitioner. In other words, filing the complaint for an arrest warrant was not a prosecutorial act - the complaint is *functus officio* on petitioner's arrest. *See*, *People v. Bittaker*, 48 Cal. 3d 1046, 1071 (Cal. 1989) (quoting *People v. Case*, 105 Cal. App. 3d 826, 834 (Cal. Ct. App. 1980)). Therefore, a police

inspector filing a complaint seeking an arrest warrant is not a critical stage that commits the prosecutor to trial.

**[5]** Finally, we find that the state appellate court followed Ninth Circuit law in finding that no right to counsel attaches at arrest or at an extradition hearing. *See Gouveia*, 467 U.S. at 190; *United States v. Pace*, 833 F.2d 1307, 1312 (9th Cir. 1987), *cert. den.*, 486 U.S. 1011 (1988); *see also United States v. Harrison*, 213 F.3d 1206, 1211 (9th Cir. 2000). Further, petitioner waived the extradition process, thereby obviating the asserted need for California to formally prosecute him in order to remove him to California.

**[6]** Therefore, the state court's denial of petitioner's ineffective assistance of counsel claim was not unreasonable.

AFFIRMED.