Arthur Daniel CORDOVA, Petitioner—Appellant,

v.

Glenn A. MUELLER, Respondent— Appellee.

No. 04–16544.

D.C. No. CV–00–00217–WBS.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.*

Decided May 20, 2005.

Arthur Daniel Cordova, Represa, CA, pro se.

---

** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Laura Wetzel Simpton, Office of the California Attorney General, Department of Justice, Sacramento, CA, for Respondent–Appellee.

Before PREGERSON, CANBY and THOMAS, Circuit Judges.

MEMORANDUM**

California state prisoner Arthur Daniel Cordova appeals pro se the district court's order denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review *de novo* the denial of a § 2254 petition, *see Anderson v. Alameida,* 397 F.3d 1175, 1177 (9th Cir. 2005), and we affirm.

Cordova contends that his trial counsel provided ineffective assistance because counsel failed to file a motion for an acquittal, and counsel informed the jury of Cordova's custodial status during trial. Because Cordova fails to establish that he suffered prejudice from either claim, these ineffective assistance of trial counsel contentions fail. *See Strickland v. Washington,* 466 U.S. 668, 692, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (whether counsel's performance fell below an objective standard of reasonableness is irrelevant if petitioner cannot demonstrate prejudice).

He next contends that his appellate counsel provided ineffective assistance because counsel failed to challenge on appeal the trial court's denial of his motion to set aside the information, and counsel failed to raise Cordova's ineffective assistance of trial counsel claims. Because we find no merit to any of the claims, we conclude there was no prejudice. *See United States v. Moore,* 921 F.2d 207, 210 (9th Cir.1990) (concluding that prejudice is not established where counsel fails to file a meritless claim).

We construe the remaining uncertified issues briefed on appeal as a motion to expand the certificate of appealability. *See* 9th Cir. R. 22–1(e). Upon review of the claims, we conclude there has been no substantial showing of a denial of a constitutional right, and the motion is denied. *See* 28 U.S.C. § 2253(c).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

