**Vincent Wade TAYLOR, Petitioner—Appellant,**

v.

**D.L. RUNNELS, Warden, Respondent—Appellee.**

**No. 04–16494.**

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.*

Decided May 20, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*  Fed. R.App. P. 34(a)(2).

Vincent W. Taylor, Vacaville, CA, pro se.

Craig S. Meyers, Esq., AGCA—Office of the California Attorney General (SAC), Department of Justice, Sacramento, CA, for Respondent—Appellee.

Before: PREGERSON, CANBY, and THOMAS, Circuit Judges.

## MEMORANDUM **

California state prisoner Vincent Wade Taylor appeals pro se the district court's judgment denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review *de novo* the district court's order denying a § 2254 pe-tition, *see Anderson v. Alameida*, 397 F.3d 1175, 1177 (9th Cir.2005), and we affirm.

Taylor contends that there is insufficient evidence to support his conviction. We disagree, and conclude that a rational trier of fact could have found beyond a reasonable doubt, the essential elements of each of the charged offenses. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Taylor also contends that there is no rational basis for imposing a ten-year sentencing enhancement for attempted robbery, when committed with a firearm. However, we conclude that the California state court's finding that there is a rational basis for this enhancement did not result in the misapplication of federal law. *See McLaughlin v. Florida*, 379 U.S. 184, 191, 85 S.Ct. 283, 13 L.Ed.2d 222 (1964). We also reject Taylor's claim that this ten-year enhancement, as applied, violates the Eighth Amendment. *See Ewing v. California*, 538 U.S. 11, 24, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003).

Taylor next contends that his trial counsel provided ineffective assistance for failing to: 1) request the court to separate the victim witnesses during trial, 2) impeach a victim witness, and 3) object to the admission of medical intake information. Because Taylor has failed to demonstrate prejudice from any of these omissions, he is not entitled to relief. *See Strickland v. Washington*, 466 U.S. 668, 693, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (whether counsel's performance fell below an objective standard of reasonableness is irrelevant if petitioner cannot demonstrate prejudice).

Taylor also argues that appellate counsel provided ineffective assistance for failing to raise on appeal the denial of his

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

motion for a new trial, and his ineffective assistance of trial counsel claims. In reviewing these claims, we conclude that Taylor would not have been entitled to relief, and thus conclude there was no prejudice. *See United States v. Moore*, 921 F.2d 207, 210 (9th Cir.1990) (concluding there is no prejudice where counsel fails to raise a meritless claim).

■ Finally, Taylor contends the prosecutor committed misconduct when he introduced statements from the jailhouse medical screening form. However, we conclude that the introduction of those statements did not so "infect[ ] the trial with unfairness as to make the resulting conviction a denial of due process." *See Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986).

AFFIRMED.[1]

---

1.  All outstanding motions are denied.