**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-3527
_____

FRANKLYN DEVON PRILLERMAN


v.


WARDEN CURRAN FROMHOLD; C.O. SAM; COLEMAN C.O.; LYNCH, C.O.;
CITY OF PHILADELPHIA; SYLVIA MELTON, CORRECTION OFFICER

Franklyn Prillerman, Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-13-cv-01414)
District Judge: Honorable Cynthia M. Rufe
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 16, 2017

Before: GREENAWAY, JR., VANASKIE and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 28, 2017)

_____

OPINION[*]
_____

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Franklyn Devon Prillerman appeals the District Court's order granting summary judgment to the defendants. We will affirm in part, vacate in part, and remand for further proceedings.

In 2010, Prillerman was placed on probation in Arkansas.[1] He moved to Philadelphia, and in November 2012, was stopped by Philadelphia police while he was driving. When the police ran a warrant search, they determined that he had an outstanding warrant for violating the terms of his probation in Arkansas. Prillerman was arrested and brought to the Curran-Fromhold Correctional Facility (CFCF), where he was detained while awaiting extradition to Arkansas. On December 11, 2012, Prillerman participated in a two-way video extradition hearing at CFCF. Before the hearing, Corrections Officer Tanya Lynch permitted Prillerman to speak to his lawyer, a public defender, over the telephone. Officer Lynch instructed Prillerman to say only "yes" to questions posed by his attorney and prohibited him from asking questions or otherwise discussing his case. Prillerman complied with these instructions. During the subsequent video-conference hearing, Prillerman waived extradition after being questioned on the record. He was then returned to Arkansas, where he was sentenced to effectively ten months' imprisonment for his probation violation.

---

[1] In the District Court, the parties stipulated to these facts for purposes of summary judgment.

Prillerman then filed the complaint at issue here. In his operative second amended complaint, he asserted claims under 42 U.S.C. § 1983, alleging that Officer Lynch violated his constitutional rights by preventing him from speaking freely to his attorney. He also sought to hold the City of Philadelphia liable, alleging that Officer Lynch had acted pursuant to a City policy or custom and that the City had failed adequately to train Officer Lynch.[2] Ultimately, the District Court granted the defendants' motion for summary judgment, and Prillerman filed a timely notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment. See Wiest v. Tyco Elecs. Corp., 812 F.3d 319, 327-28 (3d Cir. 2016).

In the main, we agree with the District Court's disposition of this case. To the extent that Prillerman framed his claim as alleging a violation of his First Amendment right to access the courts or his Sixth Amendment right to counsel, the District Court correctly granted summary judgment to the defendants.[3] As to Prillerman's access-to-the-courts claim, he failed altogether to make the requisite showing that he suffered an actual injury (such as the loss or rejection of a legal claim). See Monroe v. Beard, 536

---

[2] In the District Court, Prillerman also raised an Eighth Amendment claim concerning the defendants' delay in providing him access to a bathroom. Because he did not present any argument concerning that claim in his brief, he has waived any challenge to that aspect of the District Court's judgment, and we will not discuss it further. See United States v. Jackson, 849 F.3d 540, 555 n.13 (3d Cir. 2017).

[3] In challenging Officer Lynch's conduct, Prillerman also cites, in passing, the Fourth and Eighth Amendments, but he has not sufficiently developed these arguments to permit our review. See, e.g., John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp., 119 F.3d 1070, 1076 n.6 (3d Cir. 1997).

F.3d 198, 205-06 (3d Cir. 2008). Likewise, there is no Sixth Amendment right to counsel at an extradition hearing. See, e.g., Anderson v. Alameida, 397 F.3d 1175, 1180-81 (9th Cir. 2005); DeSilva v. DiLeonardi, 181 F.3d 865, 868-69 (7th Cir. 1999).

However, Prillerman also argued that Officer Lynch's conduct — i.e., her preventing him from communicating fully and freely with his attorney — violated his rights under the Due Process Clause. The District Court did not address this claim. On appeal, the defendants do not dispute that Prillerman raised a due process claim. Instead, the defendants contend that compensatory damages are unavailable to Prillerman. They argue that, while a plaintiff raising a claim like Prillerman's might potentially be permitted to "recover for any injury, such as emotional distress, caused by the deprivation of due process itself," Harden v. Pataki, 320 F.3d 1289, 1300 (11th Cir. 2003) (quoting Long v. Shillinger, 927 F.2d 525, 528 (10th Cir. 1991)), Prillerman cannot do so because he did not suffer a physical injury and the Prison Litigation Reform Act (PLRA) requires that "a prisoner demonstrate physical injury before he can recover for mental or emotional injury." Mitchell v. Horn, 318 F.3d 523, 533 (3d Cir. 2003). Even if this is correct, however (and as the defendants acknowledge), the PLRA does not limit a prisoner's ability to obtain nominal or punitive damages. See Mitchell, 318 F.3d at 533. Thus, we are not convinced that Prillerman's claim necessarily fails due to the unavailability of damages. See, e.g., See Allah v. Al-Hafeez, 226 F.3d 247, 251 (3d Cir. 2000).

Accordingly, we will vacate the District Court's judgment and remand the matter for the District Court to address in the first instance Prillerman's due process claim

4

against Officer Lynch and the City of Philadelphia.[4]  In all other respects, we will affirm

the District Court's judgment.

---

[4] We express no opinion on the merits of this claim.