UNITED STATES of America,
Plaintiff–Appellee,

v.

Clifton Elais HOWARD, III,
Defendant–Appellant.

No. 07–10104.

United States Court of Appeals,
Ninth Circuit.

Submitted May 13, 2008.*

Filed May 15, 2008.

Kathleen A. Servatius, Esq., Dawrence W. Rice, Jr., Esq., USF–Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

James R. Homola, Esq., Fresno, CA, for Defendant–Appellant.

Before: O'SCANNLAIN, HAWKINS, and McKEOWN, Circuit Judges.

MEMORANDUM **

Clifton Elais Howard, III, appeals from his conviction for one count of conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951(a), one count of armed credit union robbery, in violation of 18 U.S.C. § 2113(a) and (d), and one count of brandishing a firearm during a crime of violence, in violation of 18 U.S.C.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 924(c)(1). The facts are known to the parties and need not be repeated here.

■ Howard argues that the district court improperly corrected an erroneous code section citation in Count Six of the jury verdict form, pursuant to Federal Rule of Criminal Procedure 36. However, the district court did not clearly err in concluding that the jury intended to convict for a Federal Bank Robbery Act violation, rather than for a Hobbs Act violation; the jury was correctly instructed that Count Six charged a Federal Bank Robbery Act violation, and the jury also was correctly instructed on the required showings for a conviction under such statute. Accordingly, the district court did not abuse its discretion in correcting the verdict form to "to reflect the jury's true intent." *United States v. Stauffer*, 922 F.2d 508, 513–14 (9th Cir.1990); *see also Gov't of V.I. v. Bedford*, 671 F.2d 758, 762–64 (3d Cir.1982) (holding that an error in a jury verdict form "was merely clerical").

Howard's argument concerning the sufficiency of evidence supporting his conviction is waived. *See United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir.2005) ("Generally, an issue is waived when the appellant does not specifically and distinctly argue the issue in his or her opening brief.").

■ Howard argues that his conviction violated the Double Jeopardy Clause, because he was convicted for one count of violating the Federal Bank Robbery Act but acquitted for two charged Hobbs Act violations. However, "a criminal defendant [cannot] upset a conviction because it was inconsistent with an acquittal on another count at the same trial." *Wilson v. Czerniak*, 355 F.3d 1151, 1156 (9th Cir.

2004) (citing *United States v. Powell*, 469 U.S. 57, 64–69, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984)).

For the foregoing reasons, Howard's conviction is

AFFIRMED.