IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RUSSELL GRIMES, | § | |
| | § | No. 73, 2017 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | No. 1108023033A (K) |
| | § | |
| Appellee. | § | |

Submitted: May 16, 2018
Decided: June 12, 2018

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

Upon appeal from the Superior Court of the State of Delaware. **AFFIRMED**.

Russell Grimes, pro se, Smyrna, Delaware.

John Williams, Esquire (*argued*), Delaware Department of Justice, Dover, Delaware, *Counsel for Appellee*.

Craig A. Karsnitz, Esquire (*argued*), Young Conaway Stargatt & Taylor, LLP, Georgetown, Delaware, *Amicus Curiae on behalf of Appellant*.[1]

---

[1]    We appointed Craig A. Karsnitz to serve as amicus curiae, and we are grateful for his pro bono service.

1

**TRAYNOR**, Justice:

If a defendant is convicted by a jury of one offense, but acquitted—in the same verdict—of a lesser-included offense, and the conviction on the greater offense is vacated on appeal, does the acquittal on the lesser offense prevent the State, under the Double Jeopardy Clause, from retrying the defendant for the greater offense? We conclude that it does not.

Russell Grimes was accused of participating in a bank robbery. He was indicted for first-degree robbery, aggravated menacing, and other related charges. At trial, the jury convicted him of first-degree robbery, but acquitted him of aggravated menacing. He appealed, and based on an error that occurred during jury selection, we vacated his first-degree robbery conviction and remanded for a new trial.[2] A jury again convicted him of first-degree robbery.

Grimes contends that retrying him for first-degree robbery after he was acquitted of aggravated menacing violated the Double Jeopardy Clause. In *Poteat v. State*, we said that "Aggravated Menacing is a lesser-included offense of Robbery in the First Degree,"[3] and on that basis, Grimes argues that his acquittal on a lesser-included offense prevented the State from retrying him for a greater offense.[4]

---

[2]  *Grimes v. State*, 113 A.3d 1080 (Del. 2015) (unpublished table decision).
[3]  840 A.2d 599, 601 (Del. 2003).
[4]  *Poteat* concerned whether, under the Double Jeopardy Clause, aggravated menacing must merge with first-degree robbery at sentencing, not whether a prosecution for one bars a successive prosecution for the other, but we will assume for this appeal, as does Grimes, that *Poteat* applies equally in both contexts. *See United States v. Dixon*, 509 U.S. 688, 704 (1993) ("We have often

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy."[5] The term "same offence" includes not only the same charge, but also any offense that subsumes all the elements of that charge (a greater offense) and any offense whose elements are entirely subsumed by that charge (a lesser-included offense). So when the Double Jeopardy Clause says that it forbids twice putting a defendant in jeopardy for the "same offence," it "forbids successive prosecution" not only for the same charge, but also "for a greater [or] lesser included offense."[6]

Grimes was tried at his first trial for first-degree robbery, convicted of that charge, and, after we vacated that conviction, tried for that same charge again. That in itself poses no double-jeopardy problem, because as the U.S. Supreme Court held in *Ball v. United States*, the Double Jeopardy Clause does not prevent a defendant from being retried for an offense if he succeeds in having his conviction vacated.[7]

---

noted that the [Double Jeopardy] Clause serves the function of preventing both successive punishment and successive prosecution, but there is *no* authority . . . for the proposition that it has different meanings in the two contexts. That is perhaps because it is embarrassing to assert that the single term 'same offence' (the words of the Fifth Amendment at issue here) has two different meanings—that what is the same offense is yet not the same offense." (citation omitted)).

[5] U.S. Const. amend. V. Grimes makes passing reference to the analogous protections under the Delaware Constitution, but both he and the amicus otherwise rely exclusively on the federal Double Jeopardy Clause and cases construing it. So will we. *See Ortiz v. State*, 869 A.2d 285, 291 n.4 (Del. 2005) ("[C]onclusory assertions that the Delaware Constitution has been violated . . . [are] waived on appeal."), *overruled on other grounds by Rauf v. State*, 145 A.3d 430 (Del. 2016) (per curiam).

[6] *Blake v. State*, 65 A.3d 557, 561 (Del. 2013) (quoting *Brown v. Ohio*, 432 U.S. 161, 169 (1977)).

[7] 163 U.S. 662, 672 (1896).

The defendant is viewed as being in "continuing jeopardy" while his challenge plays out, and a retrial following vacatur is considered part of the same, ongoing jeopardy, not a successive prosecution for the same offense.[8]

Grimes contends that because he was acquitted at his first trial of aggravated menacing—a lesser-included offense and, therefore, the "same offence," for double-jeopardy purposes, as first-degree robbery—the finality of that acquittal trumps the normal operation of the *Ball* rule. Both he and the amicus believe this result is compelled by a straightforward application of the maxim that "the Double Jeopardy Clause prohibits prosecution of a defendant for a greater offense when he has already been tried and acquitted or convicted on the lesser included offense."[9]

But that passage, which is taken from the U.S. Supreme Court's decision in *Ohio v. Johnson*, was speaking to how events played out in *Brown v. Ohio*, a case where a defendant was indicted and convicted on one offense and then, after that prosecution had ended, indicted again in a new prosecution for a greater offense.[10] There is no question that if Grimes had been tried at his first trial solely for aggravated menacing and been acquitted, the State could not then have indicted him anew on first-degree robbery; as the Court said in *Brown*, an acquittal "forbids

---

[8]     *Price v. Georgia*, 398 U.S. 323, 326 (1970) (recognizing that, in *Ball*, the Court "effectively formulated a concept of continuing jeopardy that has application where criminal proceedings against an accused have not run their full course").

[9]     *Ohio v. Johnson*, 467 U.S. 493, 501 (1984).

[10]    *See id.* (discussing *Brown v. Ohio*, 432 U.S. 161 (1977)).

4

successive prosecution . . . for a greater [or] lesser included offense."[11] But Grimes seeks that same double-jeopardy effect within the context of a single—as distinguished from a successive—prosecution. He believes his aggravated menacing acquittal not only forbids the State from initiating a new prosecution for any greater or lesser included offense, but also forbids the State from completing its prosecution of the first-degree robbery charge on the original indictment.

We cannot agree. Giving acquittals that kind of intra-prosecution double-jeopardy power would be inconsistent both with the teachings of *Johnson* and with the Court's earlier decision in *Price v. Georgia*.[12]

In *Johnson*, the defendant was indicted for two greater offenses (murder and aggravated robbery) and two lesser offenses (involuntary manslaughter and grand theft). He volunteered to plead guilty to the lesser offenses and then, after his pleas were accepted and he was sentenced, argued that the finality of those convictions barred the state from continuing to prosecute him for the greater offenses. As with

---

[11] *Brown*, 432 U.S. at 169. So it was in *Blake v. State*, 65 A.3d 557 (Del. 2013), where we relied on *Brown* to hold that the State violated the Double Jeopardy Clause when it reindicted Blake for trafficking in cocaine and heroin after a jury had already convicted him on lesser possession offenses. The original jury had hung on whether he had trafficked in cocaine, but rather than retry him for that charge on the same indictment, *see Richardson v. United States*, 468 U.S. 317, 324 (1984) ("[W]ithout exception, the courts the courts have held that the trial judge may discharge a genuinely deadlocked jury and require the defendant to submit to a second trial."), the State obtained a new indictment charging him not only with that offense, but also with trafficking in heroin—a charge which had been included in the original indictment, but which had been voluntarily dismissed prior to the first trial and never presented to the first jury.

[12] 398 U.S. 323 (1970).

Grimes, there is no doubt that if Johnson had been indicted with only the two lesser offenses and pleaded guilty to them, those convictions would have barred the state from starting up a second prosecution for any greater or lesser offenses. But the Court thought it "obvious" the same was not true when "all four charges were embraced within a single prosecution."[13] Trial proceedings are not, the Court observed, "like amoebae, . . . capable of being infinitely subdivided, so that a determination of guilt and punishment on one count of a multicount indictment immediately raises a double jeopardy bar to continued prosecution on any remaining counts that are greater or lesser included offenses of the charge just concluded."[14] That is no less true here. Grimes was indicted for first-degree robbery and aggravated menacing at the same time, and his retrial for first-degree robbery was still—under the *Ball* rule—part of the same, continuous prosecution. He cannot subdivide that prosecution by charge to use his acquittal on aggravated menacing to "prevent the State from completing its prosecution on the remaining charge[]."[15]

Nor could we square that result with *Price v. Georgia*.[16] In *Price*, the defendant was acquitted at his first trial of a greater offense (first-degree murder) and convicted of a lesser-included offense (voluntary manslaughter). The lesser-

---

13      467 U.S. at 501.
14      *Id.*
15      *Id.* at 502. An acquittal can, in the right case, have issue-preclusive effect on a state's ability to continue a prosecution on a remaining charge, *see Yeager v. United States*, 557 U.S. 110 (2009), but as we will explain, this is not such a case.
16      398 U.S. 323 (1970).

included conviction was vacated on appeal, and the state sought to retry him. By Grimes's reasoning, the first-degree-murder acquittal should have cut the state off from continuing to prosecute the voluntary manslaughter charge because voluntary manslaughter is, for double-jeopardy purposes, the "same offence" as first-degree murder. But based on a straightforward application of the *Ball* rule, the Court saw no double-jeopardy problem with retrying him. "The concept of continuing jeopardy implicit in the *Ball* case," the Court said, "would allow [a] retrial for voluntary manslaughter after his first conviction for that offense had been reversed"[17]— regardless of the fact that Price had been acquitted at his first trial of what, for double-jeopardy purposes, was the "same offence."[18] It is true that Price was acquitted of the greater offense and retried on the lesser, while Grimes was acquitted of the lesser offense and retried on the greater, but for double-jeopardy purposes, "the sequence is immaterial."[19]

So while Grimes believes that acquittals should have the same double-jeopardy effect on retrials that they have on successive prosecutions, *Johnson* and *Price* show that "there is a difference between separate, successive trials of greater

---

[17]    *Id.* at 329.

[18]    *See United States v. Jose*, 425 F.3d 1237, 1245–46 (9th Cir. 2005) (making essentially this same point). The amicus touts another Ninth Circuit case—*Wilson v. Czerniak*, 355 F.3d 1151 (9th Cir. 2004)—which held that an acquittal for a lesser-included offense prevented a retrial on a greater offense that had resulted in a hung jury. But as the Ninth Circuit has observed, *Jose* and *Wilson* are "almost impossible to reconcile," *Lemke v. Ryan*, 719 F.3d 1093, 1103 (9th Cir. 2013), and based on *Johnson* and *Price*, we believe *Jose* got the better of the argument.

[19]    *Brown*, 432 U.S. at 168.

and lesser offenses, and the different situation in which both are tried together."[20] For double-jeopardy purposes, "[i]t makes all the difference."[21]

Grimes also contends that his aggravated-menacing acquittal has issue-preclusive effect on the State's ability to continue prosecuting him for first-degree robbery. Because aggravated menacing is a lesser-included offense of first-degree robbery, he believes his acquittal definitively resolved that he is not guilty of engaging in the conduct necessary to be convicted of first-degree robbery.

It is true that "in criminal prosecutions, as in civil litigation, . . . 'when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'"[22] But the problem for Grimes is that when the jury acquitted him of aggravated menacing, it simultaneously convicted him of first-degree robbery—an outcome that, in Grimes's own view, is irreconcilable.

"[I]ssue preclusion is 'predicated on the assumption that the jury acted rationally,'" but when a jury returns an irreconcilable verdict, "it is impossible to discern which verdict the jurors arrived at rationally."[23] Grimes would have us credit

---

[20]  *United States v. DeVincent*, 632 F.2d 155, 158 (1st Cir. 1980).
[21]  *Jose*, 425 F.3d at 1243.
[22]  *Bravo-Fernandez v. United States*, 137 S. Ct. 352, 356 (2016) (quoting *Ashe v. Swenson*, 397 U.S. 436, 443 (1970)). The Court deems this "the issue preclusion component of the Double Jeopardy Clause." *Id.*
[23]  *Id.* at 360 (first quoting *United States v. Powell*, 469 U.S. 57, 68 (1984); then quoting *Powell*, 469 U.S. at 64).

the acquittal over the conviction—treating the acquittal as the jury's true verdict and the conviction as just a "windfall to the [State] at the [his] expense"—but as we have recognized, it is "equally possible" in a scenario like this "that the jury, convinced of guilt, properly reached its conclusion on the [greater] offense, and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion on the lesser offense."[24] When a jury produces an irreconcilable verdict, "it is unclear whose ox has been gored,"[25] so without having any way to know "which verdict the jury 'really meant,' . . . principles of issue preclusion are not useful."[26]

Contrary to Grimes's view, the fact that we later vacated the first-degree robbery conviction because of an error during jury selection does not erase the inconsistency in the jury's verdict. That error had nothing to do with the jury's delivery of an inconsistent verdict, so our vacatur of the first-degree robbery conviction did not "turn the jury's otherwise inconsistent and irrational verdict into a consistent and rational verdict."[27]

The judgment of the Superior Court is therefore affirmed.[28]

---

[24]    *Tilden v. State*, 513 A.2d 1302, 1306 (Del. 1986) (quoting *Powell*, 469 U.S. at 477).
[25]    *Powell*, 469 U.S. at 65.
[26]    *Bravo-Fernandez*, 137 S. Ct. at 360 (quoting *Powell*, 469 U.S. at 68).
[27]    *Id.* at 364–65 (quoting *People v. Wilson*, 852 N.W.2d 134, 151 (Mich. 2014) (Markman, J., dissenting)).
[28]    In addition to first-degree robbery, Grimes was also convicted of a companion firearms charge, but his challenge to that conviction rests solely on his challenge to the underlying robbery conviction. Because we affirm his robbery conviction, we reject this challenge as well.