IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,                    )
                                      )       ID No. 1906000870
        v.                            )       In and for Kent County
                                      )
OWEN J. THOMPSON,                     )
                                      )
        Defendant.                    )

Submitted: February 27, 2020
Decided:  March 11, 2020

## ORDER

Upon Defendant's Motion to Dismiss or in the Alternative
for Judgment of Acquittal
*Denied.*

Alicia A. Porter, Esquire, Department of Justice, Dover, Delaware, attorney for the State.

Stephanie H. Blaisdell, Esquire, Office of Defense Services, Dover, Delaware, attorney for the Defendant.

WITHAM, R.J.

## INTRODUCTION

Before the Court is Defendant's Motion to Dismiss a Criminal Charge or, in the alternative, a Motion for a Judgment of Acquittal and the State's Response in Opposition. The Court has carefully considered the parties' submissions and examined the applicable legal authority. For the reasons set forth below, Defendant's Motion is **DENIED.**

## FACTS AND PROCEDURE

A jury trial for Owen Thompson, Defendant in this case, was held on January 28, 2020.[1] Defendant was charged with Rape in the Second Degree, Kidnapping in the Second Degree, and Strangulation.[2] Defendant was found not guilty of all the charges of his indictment.[3] The State requested to submit a charge of a lesser-included offense of Attempted Rape in the Second Degree to the jury, and Defense agreed.[4] The jury could not come to a decision on the charge of the lesser-included offense, and the Court declared a mistrial.[5] The State intends to retry Defendant for the single count of Attempted Rape in the Second Degree.[6] Defendant filed a Motion to Dismiss or, in the alternative, a Motion for a

---

[1] Defendant's Motion for Bail Modification at 1.

[2] *Id.*

[3] *Id.*

[4] *See Id.*
[5] *Id.*

[6] *Id.*

2

*State v. Thompson*
ID No. 1906000870
March 11, 2020

Judgment of Acquittal, and the State filed a Response.[7]

## PARTIES' CONTENTIONS

Defendant argues that the lesser-included offense, which was unindicted, did not have to be deliberated and did not require a verdict.[8] Defendant states that the Court did not have to declare a mistrial based on the jurors' inability to reach a unanimous verdict on the lesser-included offense in this case.[9] Defendant also argues that because one of the elements of the lesser-included offense in this case would require a re-litigation of the issues already decided by the verdict, the issue preclusion component of the Double Jeopardy Clause bars the trial on the lesser-included charge.[10]

The State argues that the jury properly treated the charge of a lesser-included offense the same as all the other charges.[11] The State contends that the legal effect of the jury verdict was an acquittal on the charge of Rape in the Second Degree but not an acquittal on the lesser-included offense of Attempted

---

[7] *See Id.*

[8] Defendant's Motion to Dismiss or in the Alternative for Judgement of Acquittal ("Def. Mot.") at 2. Defendant cites no legal authority for this proposition.

[9] *Id.*

[10] *Id.* at 3. Defense states that the fact that the jury found Defendant not guilty of Kidnapping and Strangulation precludes litigation of Attempted Rape in the Second Degree because the element of "without consent" would have to be based on either alleged kidnapping or alleged strangulation.

[11] State's response to Defendant's Motion to Dismiss or in the Alternative for Judgement of Acquittal ("St. Response") at 2.

Rape in the Second Degree.[12] The jury instructions stated "If you find that the State has not proved every element of the offense beyond a reasonable doubt, then you must find the defendant not guilty of Rape Second Degree but you may consider the lesser-included offense of Attempted Rape Second Degree." Therefore, it follows that the Court properly declared a mistrial as to the charge of Attempted Rape in the Second Degree because the jury could not reach a unanimous verdict on that charge.[13] The State pointed out that a well-established exception to the normal rule of double jeopardy is a retrial.[14] The State further argues that the fact that the jury acquitted Defendant of Kidnapping and Strangulation charges does not preclude prosecuting Attempted Rape in the Second Degree because the issues already decided at trial were not ultimate in relation to the lesser-included offense. The State claims that the verdict in this case could have been based on one or more alternative grounds, which means that Defendant cannot establish that the verdict concluded an ultimate issue related to litigating a charge that the jury could not decide.[15]

## STANDARD OF REVIEW

Superior Court Criminal Rule 29 governs the judgment of acquittal.[16] "The Court may enter a judgment of acquittal only if 'the evidence is insufficient to

---

[12] *Id.* at 2-3.

[13] *See Id.*

[14] *Id.* at 3.

[15] *Id.* at 4.

[16] See Super. Ct. Crim. R. 29.

4

sustain a conviction.'"[17]   The standard of review is "whether any rational trier of fact, viewing the evidence in the light most favorable to the State, could find the defendant guilty beyond a reasonable doubt of all the elements of the crime."[18] When it comes to the Motion to Dismiss the Charge in this case, Defendant has the burden to demonstrate that the issue to be litigated was already decided in the previous proceeding.[19]

## DISCUSSION

In Delaware, "the trial court is 'not obligated to charge the jury with respect to an included offense unless there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting the defendant of the included offense.'"[20]   The Double Jeopardy Clauses of the United States and the Delaware Constitutions protect a criminal defendant against multiple punishments or successive prosecutions for the same offense.[21]   Double Jeopardy forbids successive prosecution for a lesser-included offense.[22] This rule, however,

---

[17] *State v. Deputy*, 2019 WL 1504049 at *1 (Del. Super. April 4, 2019) (quoting Super. Ct. Crim. R. 29(a).

[18] *Id.*

[19] *Dowling v. U.S.*, 493 U.S. 342, 350 (1990).

[20] *Capano v. State*, 781 A.2d 556, 629 (Del. 2001) (quoting 11 *Del. C.* § 206(c)).  The Court interprets "an included offense" to mean "a lesser-included offense."

[21] *Sullins v. State*, 930 A.2d 911, 915 (Del. 2007).

[22] *Grimes v. State*, 188 A.3d 824, 826 (Del. 2018).

does not apply to retrials.[23]   "It is well settled that '[t]he rules of *res judicata* are applicable only when a final judgment is rendered.'"[24]   However, *Res judicata* can bar retrial on a separate charge when the first trial resulted in a "determination favorable to [the defendant] of the facts *essential to conviction* of the substantive offense" which the prosecution is trying to bring at a subsequent trial.[25] Additionally, The United States Supreme Court held that the doctrine of collateral estoppel was embodied in the Fifth Amendment protection against double jeopardy.[26]   The Court explained that collateral estoppel means that "when an issue of *ultimate fact* has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."[27]

In this case, a rational basis existed for the jury to acquit Defendant on the Rape charge and still find him guilty on a lesser-included offense. The evidence in this case included a documented exchange between Defendant and the alleged victim, as well as witnesses' testimony regarding their interaction, which could support a guilty verdict of an Attempted Rape charge even if Defendant was acquitted of the Rape charge.   The issue now relates to a possible retrial, which resulted from a mistrial.   The mistrial was proper because the jury did not reach a

---

[23] See *State v. Hardin Jr.*, 1994 WL 476136 at *3 (Del. Super. 1964).

[24] *Id.*

[25] *Id.* (emphasis added).

[26] *Id.* at *5.

[27] *Id.* (quoting *Ashe v. Swenson*, 397 U.S. 436, 443 (1970) (emphasis added); *see also Yeager v. United States*, 557 U.S. 110, 119 (2009).

verdict on a lesser included offense presented to them on the jury instructions.[28]

The charge of the Attempted Rape in the Second Degree is not precluded by the collateral estoppel or by *Res Judicata* because Defense did not present enough evidence to show that the ultimate or essential issue related to this charge has already been litigated. The State could prove the lack of consent, which is an element of the Attempted Rape in the Second Degree, by means other than demonstrating kidnapping or strangulation. For example, the lack of consent can be demonstrated by presenting evidence that would establish that the alleged victim told Defendant not to engage in an intercourse with her, but he persisted nevertheless, even though he may not have strangled or kidnapped her.[29]

## CONCLUSION

For the reasons mentioned above, the Court **DENIES** Defendant's Motion to Dismiss or, in the alternative, Defendant's Motion for a Judgement of Acquittal.

**IT IS SO ORDERED.**

_____
Hon. William L. Witham, Jr.
Resident Judge

WLWJr./dsc
oc:   Prothonotary
cc:   Alicia A. Porter, Esquire
       Stephanie H. Blaisdell, Esquire

---

[28] *See* 11 *Del. C.* § 206.

[29] See 11 *Del. C.* § 761(k).