IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RUSSELL M. GRIMES, | § | |
| | § | No. 114, 2021 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1108023033A (K) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 8, 2021
Decided: August 5, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## **ORDER**

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)    Russell Grimes appeals the Superior Court's March 22, 2021 order denying his motion for correction of illegal sentence.  The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Grimes' opening brief that his appeal is without merit.  We agree and affirm.

(2)    In 2013, a Superior Court jury found Grimes guilty of first-degree robbery and related offenses.  Grimes appealed, and we vacated his convictions and

remanded for a new trial because an error occurred during jury selection.[1]

Following a retrial in 2016, a different Superior Court jury convicted Grimes of first-degree robbery, possession of a firearm during the commission of a felony ("PFDCF"), possession of a firearm by a person prohibited, second-degree conspiracy, and five counts of second-degree reckless endangering. The Superior Court sentenced Grimes to an aggregate of fifty-three years of Level V incarceration, followed by probation. We affirmed Grimes' convictions and sentence on direct appeal.[2]

(3) On March 18, 2021, Grimes filed a motion for correction of illegal sentence under Superior Court Criminal Rule 35(a). The Superior Court denied the motion, and this appeal followed.

(4) On appeal, Grimes argues, as he did below, that his sentences for first-degree robbery and PFDCF run afoul of the double jeopardy protections of the Delaware and United States Constitutions. Grimes' argument is unavailing.

(5) In the sentencing context, "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended."[3] Section 1447A of Title 11 of the Delaware Code defines

---

[1] *Grimes v. State*, 2015 WL 2231801 (Del. May 12, 2015).
[2] *Grimes v. State*, 188 A.3d 824 (Del. 2018).
[3] *Johnson v. State*, 5 A.3d 617, 620 (Del. 2010) (quoting *Missouri v. Hunter*, 459 U.S. 359, 366 (1983)).

PFDCF and provides, "In any instance where a person is convicted of a felony together with a conviction for possession of a firearm during the commission of such felony, such person shall serve the sentence for the felony itself before beginning the sentence imposed for possession of a firearm during such felony."[4] We have held that the statutory mandate of consecutive sentences is clear evidence of legislative intent to impose cumulative punishments under two statutes, regardless of whether the statutes proscribe the "same" conduct.[5] Contrary to Grimes' assertion, because the legislature's intent is unambiguous, 11 *Del. C.* § 206 is not implicated.[6]

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[4] 11 *Del. C.* § 1447A(e).

[5] *LeCompte v. State*, 516 A.2d 898, 900-02 (Del. 1986) (holding that a defendant's consecutive sentences for first-degree robbery and possession of a deadly weapon during the commission of a felony were not only permissible but mandatory); *Powell v. State*, 2009 WL 3367068, at *4 (Del. Oct. 20, 2009) ("Under Delaware law, a defendant may be separately charged, convicted and sentenced for both Robbery in the First Degree and Possession of a Firearm During the Commission of a Felony.").

[6] *Johnson*, 5 A.3d at 620-21.