IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RUSSELL M. GRIMES, | § | |
| | § | No. 464, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1108023033A (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: January 31, 2024
Decided: March 11, 2024

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## **ORDER**

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)     The appellant, Russell M. Grimes, filed this appeal from the Superior Court's denial of his motion for reargument of the Superior Court's denial of a motion for correction of sentence under Superior Court Criminal Rule 35.  The State has moved to affirm the judgment below on the ground that it is manifest on the face of the opening brief that the appeal is without merit.  We agree and affirm.

(2)     Grimes was charged with multiple offenses arising from a bank robbery and subsequent car chase with police in which Grimes drove the getaway car.  In May 2013, a Superior Court jury found Grimes guilty of first-degree robbery, five

counts of second-degree reckless endangering, and conspiracy and weapons offenses.[1] The jury found Grimes not guilty of six counts of aggravated menacing.[2] On appeal, this Court held that there were errors in the jury-selection process and reversed and remanded for a new trial.[3] After the second trial, a Superior Court jury found Grimes guilty of first-degree robbery, five counts of second-degree reckless endangering, and conspiracy and weapons offenses. On appeal, this Court rejected Grimes's argument that retrying him for first-degree robbery after he had been acquitted in the first trial of the lesser-included offense of aggravated menacing violated the Double Jeopardy Clause.[4]

(3) Grimes then sought postconviction relief under Superior Court Rule of Criminal Procedure 61. He argued that the indictment was illegally amended during the first trial and that the illegal amendment violated the Double Jeopardy Clause and his right to a fair trial.[5] On appeal from the Superior Court's denial of his motion

---

[1] *Grimes v. State*, 2020 WL 4200132, at *1 (Del. July 21, 2020).
[2] *Id.*
[3] *Grimes v. State*, 2015 WL 2231801 (Del. May 12, 2015).
[4] *Grimes v. State*, 188 A.3d 824 (Del. 2018); *see also Grimes*, 2020 WL 4200132, at *1 (discussing the direct appeals).
[5] This Court has described the circumstances surrounding the amendment of the indictment as follows:

> The indictment originally named a bank teller as the victim of the first-degree robbery charge against Grimes and [his co-defendant]. Other bank employees, including the bank manager, were named as victims of the aggravated menacing charges. At the beginning of the first trial, the manager testified that, as directed by the armed robber, she assisted with the emptying of the teller drawers. The teller originally named in the first-degree robbery charge testified that she was present when the armed robber emptied the teller drawers.

2

for postconviction relief, this Court held that Grimes's arguments were barred because they had previously been adjudicated[6] or had not been raised during Grimes's first appeal, second trial, or second appeal.[7] The Court wrote:

> This Court previously addressed, and rejected, Grimes's argument that double-jeopardy principles prevented the State from retrying him for first-degree robbery after he was acquitted of the lesser-included offense of aggravated menacing in his first trial. Grimes now repackages that claim to argue that amendment of the indictment violated double-jeopardy principles because it resulted in the same person being named the victim of the first-degree robbery charge as well as the lesser included offense of aggravated menacing. A defendant cannot obtain re-examination of a previously adjudicated claim by refining or restating that claim as Grimes does here.[8]

---

. . . The State moved to amend the indictment under Superior Court Criminal Rule 7(e) to name the bank manager instead of the teller as the victim in the first-degree robbery count. Grimes, whose defense was that he did not commit the robbery and was forced to act as the getaway driver, objected to the amendment on the basis that he only asked the teller, not the bank manager, if she saw anyone help the robber flee. He also requested a mistrial. [The co-defendant] also objected to the amendment. The Superior Court held that the amendment was permissible under Rule 7(e) and denied Grimes's motion for a mistrial. Neither Grimes nor [his co-defendant] argued that the Superior Court erred in amending the indictment in their first appeals. Grimes also did not make this argument during his second trial and second appeal.

*Grimes*, 2020 WL 4200132, at *2 (footnotes omitted).

[6] *See* DEL. SUPER. CT. R. CRIM. PROC. 61(i)(4) ("Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred.").

[7] *See id.* R. 61(i)(3) (providing that "[a]ny ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows" cause for relief from the default and prejudice).

[8] *Grimes*, 2020 WL 4200132, at *2 (citations omitted) (holding that "Grimes's claims regarding the amendment of the indictment are barred by Rule 61(i)(3) because he did not raise those claims in his first appeal, second trial, or second appeal").

The Court further held that the amendment of the indictment was proper under Delaware law and, specifically, Rule 7(e) of the Superior Court Rules of Criminal Procedure.[9]

(4) In October 2023, Grimes filed a motion for correction of illegal sentence, in which he again asserted that the amendment of the indictment violated his protection against double jeopardy. The Superior Court denied the motion based on this Court's previous rulings on the double-jeopardy issues. In November 2023, Grimes filed another motion for correction of illegal sentence, asserting that Rule 7(e) is unconstitutional to the extent that it permitted an amendment that violated double-jeopardy principles. The Superior Court determined that the motion was in fact a motion for reargument of the court's denial of Grimes's October 2023 motion and denied it as untimely. Grimes has appealed to this Court.

(5) Grimes did not file a timely appeal from the Superior Court's October 2023 denial of his motion to correct an illegal sentence, and the Superior Court did not err by denying his November 2023 motion as an untimely motion for reargument. In any event, we find no reversible error in the Superior Court's denial of Grimes's motion on the merits. We review the denial of a motion for correction of sentence

---

[9] *See id.* at *3 (holding that "the amendment of the indictment in this case did not result in Grimes being charged with different or additional offenses" in violation of Rule 7(e) and that Grimes was not prejudiced by the amendment).

under Rule 35(a) for abuse of discretion.[10]  To the extent that the claim involves a question of law, we review the claim *de novo*.[11]  Although Superior Court Rule of Criminal Procedure 35(a) permits relief based on a violation of the Double Jeopardy Clause,[12] this Court has already held that the amendment of the indictment in this case did not violate the Double Jeopardy Clause.  There is no basis for Grimes to relitigate that issue.

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:
*/s/ N. Christopher Griffiths*
Justice

---

[10] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[11] *Id.*
[12] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).